IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KURT DAYTON GEHRING,

        Petitioner,        Civil No. 07-1113-AA

        v.                 ORDER

BRIAN BELLEQUE,

        Respondent.

AIKEN, District Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his May 13, 1975, convictions and sentence for "Kidnaping II, Rape I and Sodomy I." Petition (#1) p. 2.

    Petitioner has not provided enough procedural history of his convictions to enable the court to determine whether he exhausted state remedies with respect to his claims, or

1 - ORDER

whether his petition is timely under the one year limitations period applicable to habeas proceedings under 28 U.S.C. § 2254. However, these matters are immaterial under the circumstances.

This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." Obremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)(quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

Petitioner's sole claim is that "[the post-conviction court erred in granting summary judgment on the basis that the holdings in Apprendi and Blakely are not retroactive. Apprendi and Blakely apply retroactive (sic) to cases on collateral review and the post-conviction court committed error when it refused to grant relief... ." Petition (#1), p. 6.

Petitioner is mistaken.

In United States v. Booker, 535 U.S. __, 125 S.Ct. 738 (2005), the Supreme court held that the Sixth Amendment as construed in Blakely v. Washington, 524 U.S. __, 124 S.Ct.

2 - ORDER

2531 (2004) applied to the Federal Sentencing Guidelines. The Court also affirmed the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000) that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt and extended that rule to the Sentencing Guidelines.

Petitioner's claim in this proceeding is apparently based on Blakely and Apprendi as construed by Booker. In United States v. Cruz, 423 F.2d 1119 (9th Cir. 2005) the Ninth Circuit Court of Appeals held that Booker does not apply retroactively to convictions that became final prior to its publication.

The court's decision in United States v. Cruz directly contradicts petitioner's sole claim in this proceeding. Therefore, petitioner's Petition (#1) is denied. This proceeding is dismissed.

IT IS SO ORDERED

DATED this   3   day of October, 2007.

                            /s/ Ann Aiken
                            Ann Aiken
                            United States District Judge